1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8
9   KENNETH CRAIG DUNCAN,                )
                                         )
10            Petitioner,                )
                                         )
        v.                               )    CIV 08-01321 PHX NVW (MEA)
11                                       )
    DORA SCHRIRO and                     )    REPORT AND RECOMMENDATION
12  ARIZONA ATTORNEY GENERAL,            )
                                         )
13            Respondents.               )
    _____ )
14

15  TO THE HONORABLE NEIL V. WAKE:

16           On or about July 17, 2008, Petitioner filed a *pro se*
17  petition seeking a writ of habeas corpus pursuant to 42 U.S.C.
18  § 2254.  Petitioner filed an amended petition on September 3,
19  2008.  See Docket No. 10.  Respondents filed an answer
20  ("Answer") (Docket No. 19) to the petition on January 20, 2009.
21  Petitioner filed a reply (Docket No. 29) to the answer on April
22  30, 2009.

23              **I Procedural History**

24           In 2000 a jury found Petitioner guilty on 32 felony
25  counts comprised of sexual activity with a minor younger than 15
26  years of age and possession of child pornography.  See Answer,
27  Exh. A.  The charges involved four separate victims.  Id., Exh.
28  A.  Petitioner was sentenced to concurrent and consecutive

prison terms for these offenses totaling in excess of his natural life. _Id._, Exh. A. These convictions and sentences were reversed on direct appeal in a decision issued November 19, 2002. _Id._, Exh. A. The state appellate court remanded the case for a new trial on the charges. _Id._, Exh. D.

Prior to the occurrence of the second trial, the parties requested a settlement conference pursuant to Rule 17.4, Arizona Rules of Criminal Procedure, which request was granted by the trial court. _Id._, Exh. B & Exh. C. At the request of the parties, the trial judge, Judge O'Toole, participated in the settlement conference. _See id._, Exh. C.

Petitioner entered into a written plea agreement with the state on July 8, 2004. _Id._, Exh. B. The plea agreement required Petitioner to plead guilty to four counts of attempted child molestation. _Id._, Exh. B. The plea agreement provided Petitioner would be sentenced pursuant to the Arizona statute regarding dangerous crimes against children. The written plea agreement stipulated Petitioner would receive the presumptive sentence of ten years imprisonment on one of the convictions and that he would receive a sentence of lifetime probation on the other three convictions. _See id._, Exh. B & Exh. C & Exh. D.

At a consolidated change-of-plea and sentencing hearing conducted July 8, 2004, the trial court questioned Petitioner regarding his understanding of the written plea agreement. _Id._, Exh. B at 4-14. Petitioner affirmed he fully understood the plea agreement. _Id._, Exh. B at 4-7. Petitioner indicated he was satisfied with his counsel's representation. _Id._, Exh. B at

6-7.  Petitioner indicated he understood the rights he was waiving, including his right to a jury trial, and confirmed that he had two prior felony convictions.  Id., Exh. B at 5-7.

At that time, Petitioner pled guilty to four counts of attempted child molestation.  Petitioner waived his right to the preparation of a new presentence report and the trial court proceeded to sentencing.  Id., Exh. B at 15-16.  Noting the convictions for which Petitioner was being sentenced were attempted child molestation convictions and "Class 3 felonies, dangerous crimes against children", the state trial court sentenced Petitioner to one term of ten years imprisonment and to three terms of lifetime probation as specified in the plea agreement.  Id., Exh. B at 17-18.[1]

On October 19, 2004, Petitioner initiated a timely action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  See id., Exh. E.

---

[1] Rule 17.4, Arizona Rules of Criminal Procedure, provides: ... The parties shall file the agreement with the court, which shall address the defendant personally and determine that he or she understands and agrees to its terms, that the written document contains all the terms of the agreement, and that the plea is entered in conformance with Rules 17.2 and 17.3.
... After making such determinations ... the court shall either accept or reject the tendered negotiated plea. The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions of probation to be imposed, if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate.

Petitioner asserted he was entitled to post-conviction relief because his trial counsel was unconstitutionally ineffective. Id., Exh. F. Petitioner also asserted he was denied his right to have a jury determine the "dangerous" nature of his offenses. Id., Exh. F. Petitioner further argued that his sentences violated state law. Id., Exh. F. Additionally, Petitioner alleged the trial judge erred by not specifically referring to Arizona Revised Statutes Annotated § 13-604.01, the statute defining dangerous crimes against children and the presumptive sentencing for such convictions, during the change-of-plea colloquy. Id., Exh. F. Petitioner also argued that his convictions should be reversed because the trial judge's participation in the settlement conference was prohibited by Arizona law, i.e., Rule 17.4, Arizona Rules of Criminal Procedure and the judicial code of ethics. See id., Exh. F.[2]

---

[2]

*Plea Negotiations. The parties may negotiate concerning, and reach an agreement on, any aspect of the case. At the request of either party, or sua sponte, the court may, in its sole discretion, participate in settlement discussions by directing counsel having the authority to settle to participate in a good faith discussion with the court regarding a non-trial or non-jury trial resolution which conforms to the interests of justice. ... The trial judge shall only participate in settlement discussions with the consent of the parties.* In all other cases, the discussions shall be before another judge or a settlement division. If settlement discussions do not result in an agreement, the case shall be returned to the trial judge.

Rule 17.4(a), Ariz. R. Crim. P. (emphasis added).

The Rule was amended in 1999 to allow judges to participate in settlement conferences with the understanding that "all lawyers--prosecutors and defense counsel alike--will cooperate in the use of this rule, and that judges will avoid coercive behavior of any

1        The state trial court denied relief in Petitioner's

2   Rule 32 action in a summary decision issued May 8, 2006.  <u>Id.</u>,

3   Exh. C.   The court noted Petitioner had ceded his non-

4   meritorious ineffective assistance of counsel claims in his

5   reply to the state's response to his Rule 32 petition.  <u>Id.</u>,

6   Exh. C.   With regard to Petitioner's objection to the trial

7   judge's participation in the settlement conference, the state

8   court concluded: "Based on the Defendant's own counsel

9   requesting that Judge O'Toole conduct the settlement conference

10  and the fact that no trial subsequently occurred, The Court

11  finds that Defendant's argument Rule 17.4(a), Arizona Rules of

12  Criminal Procedure, is misplaced."  <u>Id.</u>, Exh. C at 1.[3]

13       Citing <u>Blakely v. Washington</u>, the trial court concluded

14  Petitioner had waived any right to a jury trial regarding the

15  "dangerous" nature of his crimes by pleading guilty and that

16  Petitioner was given the presumptive sentence.   The trial court

17  also concluded Petitioner's other sentencing claims were without

18  merit.  <u>Id.</u>, Exh. C.

19       The Arizona Court of Appeals declined review of the

20  trial court's denial of Rule 32 relief on May 24, 2007.  <u>Id.</u>,

21  Exh. I.   The Arizona Supreme Court summarily denied review in a

22  decision issued October 11, 2007.  <u>Id.</u>, Exh. H.

23       Petitioner filed his federal habeas petition on July

24

25  kind".  Court comment to 1999 Amendment to Rule 17.4, Ariz. R. Crim.

26  P.

27       [3] The Maricopa County Superior Court judge issuing the
    opinion was the Honorable A. Craig Blakey II.

28                                  -5-

17, 2008.  Petitioner asserts he is entitled to relief because the trial judge erred by participating in the settlement conference.  Petitioner maintains he is entitled to relief because his sentences are unlawful under Arizona law, i.e., because a jury, rather than a judge, was required to find that his crimes were "dangerous crimes against children".  Petitioner also contends the trial court erred in failing to expressly refer to Arizona Revised Statutes Annotated § 13-604.01 during the colloquy regarding his entry of a guilty plea.

The amended habeas petition cites the Fifth Amendment privilege against self-incrimination, the right to due process of law pursuant to the Fifth and Fourteenth Amendments, a purported Sixth Amendment "right to the adversarial process," and the right to equal protection.  Petitioner alleges the trial court made errors of law violating state statutes and the state and federal rules of criminal procedure.[4]  Petitioner contends he was pressured by his attorney into signing what he believed would be an "Alford plea."  Petitioner further asserts the State of Arizona's sentencing scheme regarding dangerous crimes against children is unconstitutional.  In his amended petition, Petitioner states:  "Duncan does not challenge his guilty plea (conviction) with this petition ... Duncan will challenge his conviction and repudiate his illegally conceived guilty plea in a second Rule 32 [action] to be filed after his July 23, 2008, release from prison."  Docket No. 10 at 4.

---

[4] Petitioner asserts his Fifth Amendment privilege to be free of self-incrimination was violated during his arrest.

Respondents allow that the petition is timely filed. Respondents assert that Petitioner did not properly exhaust his federal habeas claims in the state courts.  Respondents argue Petitioner's claims regarding the judge's participation in the settlement conference and the court's finding of the "dangerous" elements of his crimes were waived in the state courts and, accordingly,  that  the  claims  are  procedurally  defaulted. Respondents also maintain that Petitioner's other claims fail to state a violation of a federal constitutional right cognizable in a section 2254 action.

## II Analysis

### A. Exhaustion and procedural default

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).  To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner.  See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[5]

---

[5] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2008).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2008). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., Woodford, 548 U.S. at 92-93, 126 S. Ct. at 2387. Procedural default of a federal habeas claim often occurs when a petitioner waived a claim under state rules by failing to present the claim at an earlier opportunity. See

-8-

Correll v. Stewart, 137 F.3d 1404, 1417 (9th Cir. 1998); Miranda v. Leibach, 394 F.3d 984, 991-92 (7th Cir. 2005).  A state court's application of a procedural rule is not undermined where the state court simultaneously rejects the merits of the claim. See, e.g., Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 1044 n.10 (1989).

Procedural default occurs when a petitioner has never presented a federal habeas claim in the state courts and is now barred from doing so by the state's procedural rules, including state rules regarding waiver and the preclusion of claims.  See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988).  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"  Ellis, 222 F.3d at 632, quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).  See also Bennett v. Mueller, 322 F.3d 573, 580-81 (9th Cir. 2003); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004)

(citations omitted).

The District Courts are not to review habeas claims presented to a state court if the decision of that state court denying relief rests on a state ground that is both independent of the federal claim and adequate to support that judgment. See, e.g., Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995). The procedural bar doctrine proscribes federal habeas review of a claim when the state court declined to address the petitioner's federal constitutional claim because the petitioner failed to meet a state procedural requirement with regard to the proper exhaustion of the claim in the state courts. See Coleman, 501 U.S. at 729-30, 111 S. Ct. at 2553-54; Pitts v. Anderson, 122 F.3d 275, 278 (5th Cir. 1997). If the Court finds an independent and adequate state procedural ground precluded relief, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona courts. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S.

856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

### B. Cause and prejudice

Federal habeas relief based on a procedurally defaulted claim is precluded unless the petitioner can demonstrate a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, or cause and actual prejudice to excuse the petitioner's default of the claim. See House v. Bell, 547 U.S. 518, 535-36, 126 S. Ct. 2064, 2076 (2006); Dretke v. Haley, 541 U.S. 386, 392-93, 124 S. Ct. 1827, 1852 (2004).

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617;

-11-

<u>Correll</u>, 137 F.3d at 1415-16.  Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes.  <u>See</u> <u>Manning v. Foster</u>, 224 F.3d 1129, 1135-36 (9th Cir. 2000); <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1141 (8th Cir. 1999).  Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.  <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); <u>Thomas</u>, 945 F.2d at 1123 n.10.

### C. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice.  <u>See</u> <u>Dretke</u>, 541 U.S. at 393, 124 S. Ct. at 1852; <u>Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); <u>Murray v. Carrier</u>, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent.  <u>See</u> <u>Murray</u>, 477 U.S. at 485-86, 106 S. Ct. at 2649; <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).  To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged.

See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner does not challenge his convictions in this habeas action, but instead challenges the sentences imposed by the state court. Accordingly, Petitioner has not asserted a fundamental miscarriage of justice will occur absent review of the merits of his claims for relief.

### D. Fair presentment

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state constitutional right or state law, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351; Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). See also Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007) ("a petitioner may provide further facts to support a claim in federal district court, so long as those facts do not fundamentally alter the legal claim

already considered by the state courts"), <u>cert.</u> <u>denied</u>, 128 S. Ct. 1227 (2008).

For a habeas claim to be considered fairly presented to the state courts as a federal claim, the petitioner must have described both the operative facts and the federal legal theory on which the claim is based to the state courts. <u>See</u> <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 788 (9th Cir. 2004); <u>Kelly</u>, 315 F.3d at 1066. Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, <u>Picard v. Connor</u>, 404 U.S. 270, 277-78, 92 S. Ct. 509, 512-13 (1971), they must do more than present the facts necessary to support the federal claim. <u>See</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

**E. Petitioner's claims for relief**

**1. Petitioner asserts he is entitled to relief because the trial judge erred by participating in the settlement conference.**

In his amended habeas petition Petitioner asserts that the trial judge's participation in the settlement conference violated the Arizona Rules of Criminal Procedure, the ABA code of judicial ethics, and Rule 11 of the Federal Rules of Criminal Procedure. Petitioner challenges the "appropriateness" of judicial participation in settlement conferences. With regard to how this participation might have violated his federal constitutional rights, Petitioner implies his right to due process of law was violated because the trial judge's presence at the negotiations was coercive and necessarily rendered his

plea involuntary. Petitioner contends that the trial judge's participation in the settlement conference violated the state and federal rules of criminal procedure, thereby depriving him of his right to due process of law.

In his state Rule 32 action Petitioner argued the state trial court's participation in the plea negotiations violated the Arizona Rules of Criminal Procedure, the ABA code governing judicial ethics, and the Federal Rules of Criminal Procedure. Petitioner did not expressly present this claim as one alleging a violation of his federal constitutional right to due process of law. The state trial court determined the claim was precluded as waived because the defense had expressly requested the trial judge's participation in the settlement conference. See Answer, Exh. C. The state court also determined the claim was not colorable because the Arizona Rules of Criminal Procedure were not violated, i.e., the trial judge had not participated in both a settlement negotiation and a trial on the merits. Id., Exh. C.

Petitioner did not fairly present a claim in the state courts that his federal constitutional right to due process of law was violated and his plea rendered involuntary because the trial judge participated in the settlement conference. See Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1204 (9th Cir. 2005). General and conclusory references to "due process" in a state court pleading do not suffice to exhaust a claim that the petitioner's federal constitutional rights were violated. See Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)

(holding that "general appeals to broad constitutional principles, such as due process... and the right to a fair trial" do not constitute fair presentation of a federal claim); Castillo, 399 F.3d at 1000-02 (concluding it is not sufficient to engage in "scattershot citation of federal constitutional provisions" without developing "any articulated federal legal theory..."). Because Petitioner did not fairly present the claim, it is procedurally defaulted. As explained, infra, Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claim and, accordingly, relief on the merits of the claim is precluded.

Additionally, to the extent this habeas claim is predicated on the assertion that Petitioner's right to due process was violated because the trial court violated a state rule of criminal procedure the claim is not a cognizable basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) (holding federal habeas relief is not available for alleged errors in the interpretation or application of state law); Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir. 1998). The undersigned also notes that the state rule was not violated because it provides the trial judge may participate in settlement negotiations at the request of the parties and Petitioner's counsel requested Judge O'Toole's participation.

Furthermore, Petitioner's right to due process could not be violated by a state judge's violation of the Federal Rules of Criminal Procedure. See, e.g., McMahon v. Hodges, 382

-16-

F.3d 284, 289 n.5 (2d Cir. 2004); <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1466 (10th Cir. 1995) (stating that Rule 11, Federal Rules of Criminal Procedure does not apply to state courts and "does not necessarily establish a constitutional prohibition").[6]

To the extent Petitioner might have presented the claim as a claim of the violation of a constitutional right, because the state court found the claim procedurally barred, i.e., precluded as waived pursuant to Arizona state law, the District Court may not grant relief on the claim because the state court's decision declining review of the merits of the due process claim was predicated on an adequate and independent state procedural bar. Any cognizable due process claim would be exhausted but procedurally defaulted based on the independent

---

[6] A similar argument was rejected by the United States District Court for the District of Arizona and the Ninth Circuit Court of Appeals, in an unpublished decision.

> Moore further asserts that the transcript at issue documents the trial judge's allegedly improper participation in plea negotiations and thus reveals the judge's bias and prejudice towards him. To the extent that Moore's judicial bias and prejudice contention is cognizable in federal habeas, <u>see</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 68-69 (1991) (reemphasizing that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions"), it reflects nothing more than his dissatisfaction with the trial court judge's adverse rulings and findings, <u>see</u> <u>Liteky v. United States</u>, 510 U.S. 540, 553-56 (1994). Mere dissatisfaction, without any attempt to reconstruct the alleged collusive dialogue, does not transform Moore's claim into a constitutional violation, and the district court properly denied relief on these issues. <u>See</u> 28 U.S.C. § 2254(d); <u>Liteky</u>, 510 U.S. at 553-56.

<u>Moore v. Gonzalez</u>, 2000 WL 125846, at *1 (9th Cir. 2000).

-17-

state-ground doctrine.  See Correll, 137 F.3d at 1417-18.

In his response to the answer to his habeas petition asserting he has procedurally defaulted his claims, Petitioner does not offer the Court a reason for finding cause and prejudice regarding the default of his claims.  Instead, Petitioner again asserts that the trial judge's participation in settlement discussions violated Rule 17.4(a), Arizona Rules of Criminal Procedure and that "ABA Standards, state and federal rules of criminal procedure, and state and federal judicial procedure."

Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claim regarding the trial judge's participation in the settlement negotiations. Petitioner has not alleged that a fundamental miscarriage of justice will occur absent review of the merits of this claim. Accordingly, the District Court need not consider the merits of this claim.

**2. Petitioner maintains the trial court erred by failing to expressly refer to Arizona Revised Statutes Annotated § 13-604.01 during the plea colloquy.**

A state prisoner may obtain a writ of habeas corpus only upon a showing that he is being held in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2254(a) (1994 & Supp. 2008); Engle, 456 U.S. at 119, 102 S. Ct. at 1567.  Federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding the imposition of

sentence.   See Estelle, 502 U.S. at 67-68, 112 S. Ct. at 480;
Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).

        To the extent that Petitioner asserts his sentence
violated his right to due process because it was improper
pursuant to Arizona statutory law or the Arizona Rules of
Criminal Procedure, Petitioner has not stated a claim for
federal habeas relief.   See Souch v. Schaivo, 289 F.3d 616, 623
(9th Cir. 2002).   Although Petitioner asserts that his right to
due process was violated because the state allegedly did not
follow its sentencing statutes, the characterization of this
claim in this fashion does not render it cognizable on federal
habeas review.   See Cacoperdo v. Demonsthenes, 37 F.3d 504, 507
(9th Cir. 1994); Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir.
2002).   Because this claim is not cognizable on federal habeas
review, Petitioner is not entitled to relief on this claim.

        **3.  Petitioner maintains he is entitled to relief
because his sentences are unlawful under Arizona law, i.e.,
because a jury, rather than a judge, was required to find that
his crimes were "dangerous crimes against children".**

        Petitioner asserts that his sentence was enhanced based
on elements essential to the offense of conviction, i.e., the
fact that his victims were under the age of 15, in violation of
his constitutional right to an "adversarial process," and his
rights to due process and equal protection.

        Petitioner did not properly exhaust a federal habeas
claim that his sentences violated his right to due process or
equal protection in the state courts.   Petitioner asserted in

-19-

the state courts that his right to have a jury determine the "dangerous" nature of his offenses was violated. The state court determined this claim was procedurally barred, i.e., precluded as waived, because Petitioner expressly waived his right to a jury trial in the plea agreement. The state trial court also concluded _Blakely_ did not apply to Petitioner's claims regarding the "aggravation" of his sentences because Petitioner was sentenced to the presumptive statutory term.

To the extent Petitioner might have presented his third claim for federal habeas relief to the state courts as a claim of the violation of a constitutional right, because the state court found the claim procedurally barred, i.e., precluded as waived pursuant to Arizona state law, the District Court may not grant relief on the claim because the state court's decision declining review of the merits of the due process claim was predicated on an adequate and independent state procedural bar.

Additionally, because Petitioner admitted to the facts necessary to establish the predicate for his sentence, and because he was sentenced to the stipulated presumptive term of imprisonment, and because Petitioner admitted to prior convictions, Petitioner's case falls outside the requirements for relief established by _Blakely_.

**III Conclusion**

Petitioner did not properly exhaust his federal habeas claims by fairly presenting them to the state courts as federal constitutional claims in a procedurally correct manner. Petitioner has procedurally defaulted the claims and has not

-20-

shown cause for, nor prejudice arising from, his procedural default of these claims.  Because Petitioner has not shown cause for, nor prejudice arising from, his procedural default of these claims, the claims must be denied.  Additionally, Petitioner asserts claims which are not cognizable on habeas review because he asserts violations of state procedural law in the context of his plea and sentencing proceedings.  Furthermore, the state court's decision denying post-conviction relief rested upon adequate and independent state grounds for denying Petitioner's claims of constitutional violations.

**IT IS THEREFORE RECOMMENDED** that Mr. Duncan's Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District

of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 20th day of May, 2009.

_____
Mark E. Aspey
United States Magistrate Judge